IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NATHAN C. NILES D.D.S., LLC,**

    **Plaintiff,**

    v.

**AMCO INSURANCE COMPANY,**

    **Defendant.**

Case No. 21-1163-JAR-GEB

## MEMORANDUM AND ORDER

In this insurance coverage dispute, Plaintiff Nathan C. Niles D.D.S., LLC brings claims against Defendant AMCO Insurance Company regarding hail damage to Plaintiff's office building. Before the Court is Defendant's Motion for Partial Judgment on the Pleadings (Doc. 15), seeking judgment on Count II for violations of the Kansas Insurance Code and an accompanying regulation, and on Count III for violations of the duty of good faith and fair dealing. Plaintiff did not file a response and the time to do so has expired.[1] As described more fully below, the motion for judgment on the pleadings is granted in part and denied in part. The motion is granted as to Count II. The motion is denied to the extent it seeks dismissal of the allegations in Count III, but granted to the extent Plaintiff seeks to recover damages for both breach of contract in Count I and breach of the duty of good faith and fair dealing in Count III.

**I.**  **Background**

Plaintiff operates a dental office in Arkansas City, Kansas, and Defendant insures that office under Plaintiff's business owners' policy of insurance—Policy Number BPO 7281731246,

---

[1] *See* D. Kan. Rule 6.1(d) (stating that responses to motions to dismiss must be filed and served within 21 days). Defendant filed its motion on September 30, 2021; therefore, Plaintiff's response was due on October 21, 2021.

effective December 18, 2018 to December 18, 2019 ("Policy"). Plaintiff alleges that on or about May 5, 2019, his office suffered damage from hail during a thunderstorm. He then filed a claim under the Policy seeking recovery for that damage.

During the course of Defendant's investigation, Defendant estimated that the extent of Plaintiff's covered losses was $7,344.46. Plaintiff's own roofing contractor, however, estimated that his property damage exceeded $45,000. The parties were unable to agree on the extent of covered hail damage to Plaintiff's office as a consequence of the May 5, 2019 hailstorm, and Plaintiff filed this suit in the district court of Cowley County, Kansas on May 5, 2021. The Petition contains three counts: (1) breach of contract; (2) violations of the Kansas Insurance Code and an accompanying regulation, and (3) breach of the common law duty of good faith and fair dealing.

Invoking this Court's federal diversity jurisdiction, Defendant removed Plaintiff's suit on June 25, 2021, and filed an answer on July 2, 2021. Defendant now seeks partial judgment on Counts II and III on the basis of the parties' pleadings and the Policy under Fed. R. Civ. P. 12(c).

## II.     Failure to Respond

As an initial matter, D. Kan. Rule 7.4(b) provides that a party or attorney who does not timely file a response brief waives the right to later file such a brief, and that the court will decide such motions as uncontested and ordinarily will grant them without further notice. Plaintiff did not file a response to Defendant's motion for judgment on the pleadings, and the time to do so has passed. Therefore, the Court may grant the motion as uncontested. Upon review, the Court finds that judgment is warranted on Count II, but judgment is only warranted on Count III to the extent Plaintiff seeks to recover twice for breach of contract and breach of the duty of good faith and fair dealing, as described below.

**III.    Standard**

The standard for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that applied to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[2]  To survive a motion to dismiss brought under Rule 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level" and must include "enough facts to state a claim to relief that is plausible on its face."[3]  "Mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' are insufficient."[4]  The court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[5]

The Supreme Court has explained the analysis as a two-step process.  First, the court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[6]  Thus, the court must determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[7]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[8]  "A claim has

---

[2] *Colony Ins. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Estate of Lockett ex rel. Lockett v. Fallin*, 841 F.3d 1098, 1107 (10th Cir. 2016) (quoting *Twombly*, 550 U.S. at 555).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

[6] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[7] *Id.* at 678–79.

[8] *Id*. at 679.

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

Finally, if the Court on a Rule 12(c) motion looks to matters outside the pleadings, it generally must convert the motion to a Rule 56 motion for summary judgment.[10] However, the Court may consider documents that are referred to in the complaint if they are central to the plaintiff's claim and the parties do not dispute their authenticity.[11] Here, the Court considers the Policy attached to Defendant's motion, as it is referenced in the Complaint and central to Plaintiff's claims in this case.[12]

## IV.   Discussion

### A.   Count II

Count II of Plaintiff's Petition claims that Defendant violated K.S.A. § 40-2404(9) and K.A.R. § 40-1-34 by: (1) misrepresenting and failing to disclose to Plaintiff all pertinent facts or policy provisions relating to the coverage at issue; (2) failing to promptly and fully respond to communications from Plaintiff; (3) failing to provide reasonable assistance to Plaintiff with its claim to allow it to obtain prompt payment of benefits; (4) failing to adopt reasonable standards for the payment of claims arising under insurance policies; (5) refusing to pay claims without conducting a reasonable investigation based on all available information; (6) not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear; (7) failing to complete the investigation in a thorough and

---

[9] *Id.* at 678.

[10] Fed. R. Civ. P. 12(d); *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384–85 (10th Cir. 1997).

[11] *See Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007); *GFF Corp.*, 130 F.3d at 1384–85.

[12] Doc. 16-1.

timely manner; (8) failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim; and (9) compelling the insured to institute litigation to recover amounts due under the Policy.

For substantially the same reasons set forth in Defendant's motion, Count II of the Petition must be dismissed. There is no private cause of action under the insurance code for the prohibited insurance practices alleged in the Petition; only the Kansas Commissioner of Insurance has the power to enforce those provisions.[13] Furthermore, there is no private right of action under K.A.R. § 40-1-34.[14] Accordingly, Defendant's motion for judgment on Count II is granted.

**B.     Count III**

Defendant argues that Count III must be dismissed because there is no independent cause of action under Kansas law for breach of the common law duty of good faith and fair dealing—it is merely a legal argument related to a breach of contract claim. Because Count III is "effectively identical" to the breach of contract claims in Count I, Defendant argues that this separate count must be dismissed.[15] While the Court agrees that Plaintiff cannot maintain a separate cause of action for breach of the duty of good faith and fair dealing, it declines to dismiss Count III in its entirety.

---

[13] *Evangel Assembly of God v. B'hood Mut. Ins. Co.*, No. 21-1097-JWB, 2021 WL 4206335, at *1 (D. Kan. Sept. 16, 2021) (first citing *Cole v. State Farm Mut. Auto. Ins. Co.*, No. 17-CV-01308-EFM-TJJ, 2018 WL 2926399, at *2 (D. Kan. June 8, 2018); and then citing K.S.A. § 40-2407(a)).

[14] *Id.* (citing *King v. Fed. Ins. Co.*, 788 F. Supp. 506, 507 (D. Kan. 1992), *aff'd*, 996 F.2d 311 (10th Cir. 1993)).

[15] Doc. 16 at 5.

"The duty of good faith assumes the existence of a contractual right; it does not create one."[16]  In addition to pleading breach of contract, to establish a breach of the covenant of good faith and fair dealing Plaintiff must "point to a term of the contract 'which the defendant allegedly violated by failure to abide by the good faith spirit of that term.'"[17]  "This implied duty requires the parties to an agreement to refrain from 'intentionally and purposefully do[ing] anything to prevent the other party from carrying out his part of the agreement, or do[ing] anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'"[18]

Here, Plaintiff alleges a claim for breach of contract in Count I based on failure to investigate, pay, and settle the insurance claim.  In Count III, Plaintiff alleges that Defendant violated the same terms of the Policy by failing to abide by its duty of good faith.  While it is true that Plaintiff cannot maintain a separate cause of action in Count III for breach of the duty of good faith and fair dealing, the Court declines to dismiss the allegations in Count III on this basis because they are "anchored" in the breach of contract claim alleged in Count I—that Defendant failed to investigate, pay Plaintiff's benefits under the Policy, and settle the claim.[19]  However, Plaintiff "cannot recover damages for both [its] breach of contract and breach of duty of good

---

[16] *Terra Venture, Inc. v. JDN Real Estate-Overland Park, L.P.*, 340 F. Supp. 2d 1189, 1201 (D. Kan. 2004) (quoting *Bank IV Salina, N.A. v. Aetna Cas. & Sur. Co.*, 810 F. Supp. 1196, 1204 (D. Kan. 1992)).

[17] *Ireland v. Dodson*, 704 F. Supp. 2d 1128, 1135 (D. Kan. 2010) (quoting *Terra Venture*, 340 F. Supp. 2d at 1201).

[18] *Id.* (quoting *Terra Venture*, 340 F. Supp. 2d at 1201).

[19] *See H&L Assocs. of Kan. City, LLC v. Midwestern Indem. Co.*, No. 12-2713-EFM, 2013 WL 3854484, at *3 n.29 (D. Kan. July 25, 2013) (declining to dismiss good faith and fair dealing claim solely because it was stated as a separate cause of action where the claim was "anchored in a breach of contract claim" (first citing *Howard v. Ferrellgas Partners, L.P.*, No. 10-2555-JTM, 2011 WL 3299689, at *6 (D. Kan. Aug. 1, 2011); and then citing *Layne Christensen Co. v. Bro–Tech Corp.*, No. 09-2381-JWL-GLR, 2011 WL 3847076, at *6 (D. Kan. Aug. 29, 2011))).

faith and fair dealing claims if [it] prevail[s] on each one."[20]  To the extent Plaintiff seeks to recover twice for these claims, Defendant's motion is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Partial Judgment on the Pleadings (Doc. 15) is **granted in part and denied in part**.  The motion is granted as to Count II.  The motion is denied to the extent it seeks dismissal of the allegations in Count III, but granted to the extent Plaintiff seeks to recover damages for both breach of contract in Count I and breach of the duty of good faith and fair dealing in Count III.

**IT IS SO ORDERED.**

Dated: November 5, 2021

                                       S/ Julie A. Robinson
                                       JULIE A. ROBINSON
                                       CHIEF UNITED STATES DISTRICT JUDGE

---

[20] *Welton v. AMCO Ins. Co.*, No. 14-4066-DDC-KGG, 2015 WL 5604253, at *3 n.2 (D. Kan. Sept. 23, 2015) (citing *H&L Assocs. of Kan. City, LLC*, 2013 WL 3854484, at *3).